■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUSTAPHA OUANES, Appellant. [998 NYS2d 357]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at initial records disclosure application; Daniel McCullough, J., at subsequent application, jury trial and sentencing), rendered June 7, 2012, convicting defendant of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, assault in the second degree and attempted criminal sexual abuse in the first degree, and

sentencing him to an aggregate term of 10 years, unanimously affirmed.

The court's rulings concerning cross-examination, and the examination or disclosure of psychiatric records, did not deprive defendant of his right to present a defense and to confront witnesses (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). The court permitted defendant to inquire into all appropriate subject matter, and only precluded exploration of matters that were speculative and of questionable relevance.

Defendant's inquiry into the victims' past drug and alcohol use was sufficient under the circumstances of the case. Defendant was not prejudiced by the preclusion of inquiry into past use of Xanax and cocaine, which had little or no probative value, could well have confused and misled the jury (see People v Corby, 6 NY3d 231, 234 [2005]), and had no relevance to defendant's theory of defense.

The court properly denied defendant's application for an in camera review of one of the victims' psychiatric records. Defendant failed to make an adequate showing that the psychiatric records from when this victim was a teenager would be relevant to an incident that occurred six years later, and his argument that the records might provide an alternative explanation for the victim's hysterical behavior after her encounter with defendant was conjectural (see People v Kozlowski, 11 NY3d 223, 241 [2008], cert denied 556 US 1282 [2009]; People v Gissendanner, 48 NY2d 543, 550 [1979]). To the extent this victim's anxiety disorder and use of Xanax was relevant, defendant was able to elicit these matters on cross-examination.

The court permitted ample inquiry into matters relating to certain civil litigation, which was generally irrelevant or collateral, and the court's limitations on this inquiry were proper exercises of discretion.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.